WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**NICHOLAS D. MEYERS, OSB #222743**
Nicholas.Meyers@usdoj.gov
**ARIANA N. GAROUSI, CAB #347758**
Ariana.Garousi@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00095-IM** |
| **v.** | **GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE** |
| **NELSON PABLO-MORALES,** | |
| **Defendant.** | |

The United States of America hereby submits the following supplemental motion in

limine regarding procedural and evidentiary issues that may arise during trial.

**1. Motion to Preadmit Additional Exhibits.**

The government previously moved to preadmit eight exhibits, and the Court pre-

admitted Government Exhibits 1-6 and 8.  ECF No. 59 at 8-10.  The Court reserved ruling on the

remaining exhibit until the *Daubert* hearing on Government witness Brenda Bass.  *Id*. at 10.[1]

---

[1] The Court's Order Re Pretrial Conference Ruling states that "Government's Exhibits 1-6 and 8
are pre-admitted," but the Order subsequently notes that the Court reserved ruling on Exhibit 6

**Government's Supplemental Motion in Limine**                                        **Page 1**

The government filed an Amended Exhibit List with six additional exhibits on May 27, 2025. ECF No. 69.  The government now seeks preadmission of those six additional exhibits.  Pre-admission of exhibits will reduce the length of the trial by cutting down foundational questions of witnesses where there is no real question as to the authenticity of the exhibits.

The government and defense counsel conferred regarding the amended exhibit list, and defense counsel identified certain objections to the exhibits, which are reflected in the Amended Exhibit List.  *See id*.

**Exhibit 9:**  This exhibit is a Department of Homeland Security "Field Operations Worksheet" prepared by ICE officers prior to the arrest of Defendant on February 11, 2025.  The document is relevant, as is reflects steps taken by ICE officers to confirm Defendant's identity and his prior removal from the United States prior to his arrest.  This exhibit is admissible as a public record under Rule 803(8), and is also admissible under Rule 406 as evidence of the routine practice of ICE officers in the planning and preparation for civil immigration arrests.  Further, because the report was created in the course of a civil immigration enforcement action, it is non-testimonial under *Crawford v. Washington*, 541 U.S. 36 (2004); *see also United States v. Morales*, 720 F.3d 1194 (9th Cir. 2013) (holding immigration documents not prepared for trial were non-testimonial).

**Exhibit 10:**  This exhibit is a certified copy of a document reflecting the results of a search of a Department of Homeland Security database.  The document is relevant both because it

---

(Ten-print Fingerprint Card) and preadmitted Exhibit 7 (March 3, 2025, Fingerprint Examination Report).

**Government's Supplemental Motion in Limine**                                                            **Page 2**

demonstrates the Defendant has never lawfully entered the United States, and also because it documents Defendant's prior removal.   The document is admissible as a public record under Rules 803(8) and Rule 902(4).

**Exhibit 11:**  This exhibit is a signed certification from the Executive Office of Immigration Review for Exhibit 2, the audio recording of Defendant's 2017 immigration proceedings.  The Court previously preadmitted Exhibit 2.  Consistent with the Court's prior ruling, this exhibit is admissible under Rule 902(4) to certify that the audio file is a public record.

**Exhibits 12 and 13:**  The Court previously granted the government's motion for fingerprint exemplars, ECF No. 58, on May 16.  ECF. 63.  Exhibit 12 is the ten-print fingerprint card of Defendant's fingerprints taken on May 21, 2025.  Exhibit 13 is the May 27, 2025 fingerprint examination report prepared by the government's expert, Brenda Bass, which contains Ms. Bass's conclusion that Defendant's fingerprints taken in 2025 match those taken in 2017.  The government seeks preadmission of Exhibits 12 and 13 consistent with the Court's ruling on the admissibility of Exhibits 6 and 7 (February 11, 2025 ten-print fingerprint card and March 3, 2025 fingerprint examination report, respectively).

//

//

//

//

**Government's Supplemental Motion in Limine**                                                                **Page 3**

**Exhibit 14:**  The Court previously preadmitted Exhibit 5, a signed Form I-826 from Defendant's A-File.  ECF. No 59 at 7.  The Court's ruling on Exhibit 5 instructed the Government to provide an English translation of this exhibit.  *Id*.  Exhibit 14 is a certified translation of Exhibit 5, which includes a signed and notarized certification of translation.  The government seeks preadmission of Exhibit 14 consistent with the Court's ruling on preadmission of Exhibit 5.

Dated: May 30, 2025.                                 WILLIAM M. NARUS
                                                     Acting United States Attorney


                                                     */s/ Nicholas D. Meyers*
                                                     NICHOLAS D. MEYERS, OSB #222743
                                                     ARIANA N. GAROUSI, CAB #347758
                                                     Assistant United States Attorneys

**Government's Supplemental Motion in Limine**                              **Page 4**